IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
05 AUG 17 PM 2:07
TX EASTERN-MARSHALL
BY_____

| | |
|---|---|
| WILLIAM REID, INDIVIDUALLY, and § | |
| NET P&L, INCORPORATED § | |
| Plaintiffs, § | |
| vs. § | CV No.: 2-05CV-401 |
| § | JURY DEMAND |
| GENERAL MOTORS CORPORATION § | |
| Defendant. § | |

## COMPLAINT FOR PATENT INFRINGEMENT

### I. THE PARTIES

1. Plaintiff William Reid ("Reid") is an individual that maintains his principal place of business at 1385 Sage Brook Drive, Suite 200, Fairview, Texas 75069.

2. Plaintiff net P&L, Incorporated ("net P&L") is a Texas corporation that maintains its principal place of business at 1385 Sage Brook Drive, Suite 200, Fairview, Texas 75069.

3. Defendant General Motors Corporation is a Delaware corporation that maintains its principal place of business at GM Renaissance Center, Detroit, Michigan, 48265.

4. Defendant General Motors Corporation does business in Texas and can be served with process through its Registered Agent for Service, The Corporation Trust Company, located at 1209 Orange Street, Wilmington, Delaware

## II. JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 et seq. and 28 U.S.C. § 1338.

6. Personal jurisdiction exists generally over the Defendants because there exists sufficient contact with the forum as a result of business conducted within the State of Texas and within this district. Personal jurisdiction also exists specifically over the Defendant because of Defendant's conduct in making and using infringing products and practices within the State of Texas and within this district.

7. Venue is proper in this Court under 28 U.S.C. §§139(b), (c), and (d), as well as 28 U.S.C., § 1400(b).

## III. PATENT INFRINGMENT

8. Plaintiffs are the assignee of all rights, title and interest in and under United States Patent No 6131,120 ("the '120 patent"), which duly and legally issued on October 10, 2000, with William Reid, as the named inventor, for an Enterprise Network Management Directory.

9. Defendant has been and continues to infringe the '120 patent by at least making and using, without authority, products and practices that fall within the scope of the claims of the '120 patent including but not limited to a system

referred to as GM Identity Management. Defendant will continue to infringe the '120 patent unless enjoined by this Court. Plaintiffs are without an adequate remedy at law.

### IV. PRAYER FOR RELIEF

Plaintiffs respectfully request the following relief:

A. That the Court declares that the '120 patent is valid and enforceable and that it is infringed by Defendant.

B. That the Court enter a preliminary and thereafter a permanent injunction against Defendant's infringement of the '120 patent;

C. That the Court award damages to Plaintiffs to which they are entitled for patent infringement;

D. That the Court award interest on the damages to Plaintiffs;

E. That the Court award to Plaintiffs their costs incurred in this action; and

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Rod A. Cooper
State Bar No. 90001628
The Cooper Law Firm
545 E. John Carpenter Freeway,
Suite 1460
Irving, Texas 75062
972.831.1188; 972.692.5445(f)
*rcooper@cooperiplaw.com*

*[signature]*

Edward L. Hohn
State Bar No. 09813240
Nix, Patterson & Roach, LLP
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333; 903.645.4415(f)
*edhohn@nixlawfirm.com*

**ATTORNEYS FOR PLAINTIFF**