IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM REID, INDIVIDUALLY, and | § | |
| NET P&L, INCORPORATED | § | |
| *Plaintiffs,* | § | |
| vs. | § | CV No.: 2:05cv401 |
| | § | **JURY DEMAND** |
| GENERAL MOTORS CORPORATION, | § | |
| HALLIBURTON COMPANY, AND | § | |
| CHARLES SCHWAB CORPORATION | § | |
| *Defendants.* | § | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

### I. THE PARTIES

1. Plaintiff William Reid ("Reid") is an individual that maintains his principal place of business at 1385 Sage Brook Drive, Suite 200, Fairview, Texas 75069.

2. Plaintiff net P&L, Incorporated ("NET P&L") is a Texas corporation that maintains its principal place of business at 1385 Sage Brook Drive, Suite 200, Fairview, Texas 75069.

3. Defendant General Motors Corporation is a Delaware corporation that maintains its principal place of business at GM Renaissance Center, Detroit, Michigan, 48265.

4. Defendant General Motors Corporation does business in Texas and can be served with process through its Registered Agent for Service, The Corporation Trust Company, located at 1209 Orange Street, Wilmington, Delaware.

5. Defendant Halliburton Company is a Delaware corporation that maintains its principal place of business at 1401 McKinney, Houston, Texas 77010.

6. Defendant Halliburton Company does business in Texas and can be served with process through its Registered Agent for Service, CT Corporation System, located at 1021 Main Street, Suite 1150, Houston, Texas 77002.

7. Defendant The Charles Schwab Corporation is a Delaware corporation that maintains its principal place of business at 120 Kearny Street, San Francisco, California 94108.

8. Defendant The Charles Schwab Corporation does business in Texas and can be served with process through its Registered Agent for Service, CT Corporation System, located at 818 West 7th Street, Los Angeles, California 90017.

## II. JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 et seq. and 28 U.S.C. § 1338.

10. Personal jurisdiction exists generally over the Defendants because there exists sufficient contact with the forum as a result of business conducted within the

State of Texas and within this district. Personal jurisdiction also exists specifically over the Defendants because of Defendants' conduct in making and using infringing products and practices within the State of Texas and within this district.

11. Venue is proper in this Court under 28 U.S.C. §§139(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

### III. PATENT INFRINGMENT

12. Plaintiff, net P&L, is the assignee of all rights, title and interest in and under United States Patent No. 6131,120 ("the '120 patent"), which duly and legally issued on October 10, 2000, with Plaintiff, William Reid, as the named inventor, for an Enterprise Network Management Directory.

13. Defendants have been and continue to infringe the '120 patent by at least making and using, without authority, products and practices regarding at least their respective IdM systems that fall within the scope of the claims of the '120 patent. Defendants will continue to infringe the '120 patent unless enjoined by this Court. Plaintiffs are without an adequate remedy at law.

14. Defendants' infringement of the '120 patent has been and continues to be willful.

15. Defendants have and are actively inducing and/or contributing to the infringement of the '120 patent among themselves and by others.

16. This is an exceptional case within the meaning of 35 U.S.C. § 285.

## IV. PRAYER FOR RELIEF

Plaintiffs respectfully request the following relief:

A. That the Court declares that the '120 patent is valid and enforceable and that it is infringed by Defendants.

B. That the Court enter a preliminary and thereafter a permanent injunction against Defendants' infringement of the '120 patent;

C. That the Court award damages to Plaintiffs to which they are entitled for patent infringement;

D. That the Court award interest on the damages to Plaintiffs;

E. That the Court award to Plaintiffs their costs and attorneys' fees incurred in this action; and

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Rod A. Cooper
State Bar No. 90001628
The Cooper Law Firm
545 E. John Carpenter Freeway,
Suite 1460
Irving, Texas 75062
972.831.1188; 972.692.5445(f)
rcooper@cooperiplaw.com

Robert M. Parker
State Bar No. 15498000
Christopher R. Bunt
State Bar No. 00787165
Parker & Bunt
100 E. Ferguson Street
Suite 1114
Tyler, Texas 75702
903.531.3535; 903.533.9687(f)
*rmparker@cox-internet.com*

Edward L. Hohn
State Bar No. 09813240
Nix, Patterson & Roach, LLP
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333; 903.645.4415(f)
*edhohn@nixlawfirm.com*

Anthony Bruster
State Bar No. 24036280
Nix, Patterson & Roach, LLP
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999; 903.223.8520(f)
*akbruster@nixlawfirm.com*

**ATTORNEYS FOR PLAINTIFF**

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 9th day of November 2005, via email and Federal Express.

David Healey
Weil, Gotshal & Manges, LLP
700 Louisiana, Ste. 1600
Houston, Texas 77002
david.healey@weil.com

Donald Godwin
Monte Bond
Godwin Gruber
Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
dgodwin@godwingruber.com
mbond@godwingruber.com

*[signature]*
Sr. Paralegal