IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WILLIAM REID, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:05-CV-401-DF |
| | § | |
| GENERAL MOTORS CORPORATION, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is Plaintiffs' and Schwab's Joint Motion to Bifurcate.  Dkt. No. 103. Also before the Court is the response of General Motors, Halliburton, and Microsoft, as well as Plaintiffs' and Schwab's reply.  Dkt. Nos. 107 & 109.  Having considered the pleadings and all relevant papers, the Court find that Plaintiffs' and Schwab's motion should be **GRANTED AS MODIFIED**.

**I.  BACKGROUND**

Plaintiffs allege infringement of United States Patent No. 6,131,120 (the "'120 Patent"). Third Amended Complaint, Dkt. No. 19.  The Abstract of the '120 Patent reads as follows:

> An enterprise network using a wide area network (WAN), and having routers and servers, uses a master direct[ory] to determine access rights, including the ability to access the WAN through the routers and the ability to access the se[rv]er over the WAN.

General Motors, Halliburton, and Microsoft (the "opponents") propose a trial setting of March 2008.  Plaintiffs and Schwab (the "proponents") seek a trial setting of October 2007.

## II. THE PARTIES' POSITIONS

The proponents argue that "[d]elaying trial by six months means that [P]laintiffs and Schwab will unnecessarily have to bear the undue expense and burden of another six months of discovery, motion practice, and other aspects of litigation." Dkt. No. 103 at 3. The proponents argue that the issues of infringement, willfulness, and damages will be unique to each defendant. *Id.* The proponents advocate consolidated claim construction. *Id.* at 4. The proponents also cite "minimiz[ing] delay and potential juror confusion" as reasons to hold a separate trial. *Id.* Schwab also argues that "large and well-known patent infringement verdicts" against its co-defendants in other litigation "will likely prejudice Schwab in any trial involving all defendants and intervenor Microsoft, especially where defendants may be required to share witnesses, making it impossible for the jury to distinguish Schwab from other defendants." *Id.* at 5.

The opponents respond that there are common issues among all defendants as to: (1) invalidity; (2) unenforceability; and (3) whether Plaintiffs have title to the '120 Patent. Dkt. No. 107 at 1-2 & 4. The opponents also submit that under Rule 42(b), judgment on the first trial would not generate an appealable final judgment until all claims by all parties were complete. *Id.* at 5-6. The opponents argue that the six months between October 2007 and March 2008 would not cause significant prejudice, and the schedule proposed by Plaintiffs and Schwab for an October 2007 trial would unreasonably burden the litigants. *Id.* at 6-7. The opponents propose that "[a] better and more rational approach would be to allow this case to develop in the normal course where tasks can be shared by all defendants and performed without extraordinary measures." *Id.* at 8.

The proponents reply that "each identity management system was designed

independently, has a different architecture, and uses different software." Dkt. No. 109 at 4. As to invalidity, the proponents argue that because the accused systems are different, "the prior art key to Schwab's invalidity defense and/or Schwab's approach to its invalidity defense will thus necessarily be different from the Microsoft defendants." *Id.* at 5. The proponents also argue that separate trials will avoid the prejudice that would purportedly be caused by being "overshadowed by the far larger co-defendants and their disparate identity management systems." *Id.* at 6.

### III. DISCUSSION

The proponents invoke Rule 42(b), which allows district courts to order separate trials, and style their motion as one to "bifurcate." However, the proponents rely in part upon authority providing a separate trial as a result of severance pursuant to Rule 21. *See* Dkt. No. 103 at 4-5 (citing *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) . The Court therefore considers Rule 21 as well as Rule 42(b).

Federal Rule of Civil Procedure 42(b) ("Rule 42(b)") provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Under Rule 42, the Fifth Circuit has stated that "[t]he issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (quoting *Swofford v. B&W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)). "Separation of issues . . . is not the usual course that should be followed." *Id.* at 304. "[I]nherent in the Seventh Amendment guarantee of a trial by jury is the

general right of a litigant to have only one jury pass on a common issue of fact." *Id.* at 305 (quoting *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978)). "[I]f separate juries are allowed to pass on issues involving overlapping legal and factual questions the verdicts rendered by each jury could be inconsistent." *Blue Bird Body*, 573 F.2d at 318. "[T]he use of bifurcation 'must be grounded upon a clear understanding between the court and counsel of the issue or issues involved in each phase and what proof will be required to pass from one phase to the next.'" *Id.* at 319 (quoting *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1324 (5th Cir. 1976)).

Rule 21, on the other hand, provides that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. The Fifth Circuit has noted that "[t]he trial court has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (citing Rule 21). The Tenth Circuit, citing the Fifth Circuit, has explained the distinction between separate trials pursuant to Rule 42(b) and a severance pursuant to Rule 21, as follows:

> Separate trials ordered pursuant to [Rule] 42(b) must be distinguished from a severance under Rule 21. Under Rule 42:
>
>> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues . . . .
>
> . . . Conversely, Rule 21 allows "[a]ny claim against a party [to] be severed and proceeded with separately." . . . Separate trials under Rule 42(b) result in a single judgment while claims severed under Rule 21 become independent actions with separate judgments entered in each. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2387 at 277 (1971 & 1990

>  Supp.); 3A J. Moore, Moore's Federal Practice ¶ 21.05[2] at 21-34-35 (1990). While judgment on a claim severed under Rule 21 is final for purposes of appeal, judgment on a claim bifurcated under Rule 42(b) is not an appealable final judgment, absent a Rule 54(b) certification. *See Vann v. Citicorp Sav. of Ill.*, 891 F.2d 1507, 1511 (11th Cir. 1990); *United States v. O'Neil*, 709 F.2d 361, 368 & n.6 (5th Cir. 1983); *Belmont Place Assoc. v. Blyth, Eastman, Dillon & Co.*, 565 F.2d 1322, 1323 (5th Cir. 1978); 3A Moore's Federal Practice ¶ 21.05[2] at 35.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991).

The present case involves three primary defendants, each of which has its own identity management system. "Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction." *Philips Elecs. N. Am.*, 220 F.R.D. at 417 (citing *Paine Webber v. Merrill Lynch*, 564 F.Supp. 1358, 1370-71 (D. Del. 1983) & *New Jersey Machine, Inc. v. Alford Indus. Inc.*, 1991 WL 340196 at *1 (D.N.J. Oct. 7, 1991), *aff'd*, 983 F.2d 1087 (Fed. Cir. 1992) ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder . . . .")). The Court finds that Plaintiffs' claims against Schwab are sufficiently distinct from Plaintiffs' claims against the remaining defendants to warrant a severance pursuant to Rule 21.

Plaintiffs and Schwab request a separate trial, but they also seek consolidation of pretrial matters, such as claim construction, with the other defendants. Dkt. No. 103 at 4. Such relief may be provided by ordering a severance of Plaintiffs' claims against Schwab pursuant to Rule 21 while consolidating for pre-trial purposes. Because Rule 21 best provides this relief, the Court need not decide whether Rule 42(b) is appropriate or would provide the relief requested by Plaintiffs and Schwab.

## IV.  CONCLUSION

For all of these reasons, Plaintiffs' and Schwab's Joint Motion to Bifurcate (Dkt. No. 103) is hereby **GRANTED AS MODIFIED**.  It is further

**ORDERED** that Plaintiffs' claims against defendant Schwab are hereby **SEVERED**. Plaintiffs' claims against defendant Schwab shall proceed under the above-styled case number. Plaintiffs' claims against Halliburton, General Motors, and Microsoft shall be severed into a new case number.  The resulting two cases shall be consolidated for pre-trial purposes.  It is therefore

**ORDERED** that the Clerk of the Court shall assign a new case number for Plaintiffs' claims against defendants Halliburton, General Motors, and Microsoft.  The Clerk shall waive payment of a filing fee.

**SIGNED this 16th day of January, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE